UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH CHAMBERLAIN ]
    Plaintiff, ]
]
v. ] No. 3:07-0920
] Judge Trauger
METROPOLITAN GOVERNMENT OF ]
NASHVILLE and DAVIDSON COUNTY, ]
et al. ]
    Defendants. ]

M E M O R A N D U M

According to the amended complaint (Docket Entry No.1), the plaintiff broke his back in a single vehicle accident. He was placed in the custody of the Davidson County Sheriff's Department and was transported to the Vanderbilt Medical Center. During surgery on plaintiff's back, rods were implanted to support his spine.

Three weeks into his recovery, the plaintiff was moved from the Vanderbilt Medical Center to the Metro Nashville General Hospital. A few days later, he was released from the hospital and taken to the Davidson County Criminal Justice Center for confinement.

The plaintiff remained at the Criminal Justice Center until June 5, 2007, when he was transported to the Vanderbilt Orthopedic and Spine Clinic for a scheduled examination. It was there that

1

doctors discovered that the surgically implanted rods in the plaintiff's back had become dislodged and were pushing through his skin. The plaintiff was forced to immediately undergo a second operation to repair the damage. While recuperating at Vanderbilt, he was released from the custody of the Davidson County Sheriff's Department.

The plaintiff brings this action against Daron Hall, Sheriff of Davidson County, asserting claims arising under 42 U.S.C. § 1983 and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.*[1] The plaintiff alleges that, while incarcerated at the Davidson County Criminal Justice Center, he received inadequate medical care which aggravated his original injuries. More specifically, he claims that Sheriff Hall and others switched his prescribed medications for "less potent pain medications which did not alleviate Plaintiff's suffering." Docket Entry No.1 at pg. 3. It is further alleged that Sheriff Hall and the other defendants knowingly refused to transport the plaintiff to scheduled follow-up appointments at the Vanderbilt Medical Center.

Presently pending is a motion (Docket Entry No.5) filed by Sheriff Hall under Rule 12(b)(6), Fed. R. Civ. P., asking for dismissal of the claims against him. The plaintiff has filed a

---

[1] The plaintiff is also suing the Metropolitan Government of Nashville and Davidson County (Metro); Correct Care Solutions, LLC.; an unnamed doctor; and five unnamed nurses. These defendants, however, are not the subjects of this Memorandum.

2

Response (Docket Entry No.16) in opposition to the motion to dismiss.

A Rule 12(b)(6) motion is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 78 S.Ct. 99, 102 (1957). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

The defendant, as Sheriff of Davidson County, is responsible for the operation of the Davidson County Criminal Justice Center. As such, he supervises several subordinates who provide for the daily needs and care of the inmates at that facility. Medical personnel at the Criminal Justice Center made the medical decisions regarding the care and treatment of the plaintiff. Sheriff Hall supervised these alleged tortfeasors. The doctrine of respondeat superior, however, is not recognized as a basis for liability in a § 1983 cause of action. Polk County v. Dodson, 102 S.Ct. 455 (1981).

To impose § 1983 liability on a supervisor, employer or chief executive officer, the plaintiff must show that the supervisory official encouraged the specific act of misconduct or in some way directly participated in it. At a minimum, the plaintiff is required to plead and prove that the supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of an offending subordinate. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984).

In his Response in opposition to the motion to dismiss, the plaintiff insists that Sheriff Hall is not being sued solely because of his status as a supervisor. Rather, it is argued that this defendant was personally involved in unconstitutional conduct. Liability under § 1983 must be based on active unconstitutional behavior rather than a mere failure to act. Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, 119 S.Ct. 1763 (1999). Supervisors and administrators will not be held liable simply because they failed to intervene or act upon the letters and complaints of a prisoner. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999).

In this instance, the amended complaint contains only one factual allegation suggesting that Sheriff Hall had any personal knowledge of the plaintiff's need for medical care. On June 1, 2007, plaintiff's counsel sent Sheriff Hall a letter (Docket Entry No. 1; Exhibit A) explaining the plaintiff's need for medical care.

4

Four days later, the plaintiff was transported to Vanderbilt for a scheduled follow-up examination. The plaintiff never returned to the Criminal Justice Center and was released from custody while recuperating at the Vanderbilt Medical Center. Docket Entry No. 1 at pg. 4. There are no factual allegations in the amended complaint showing that Sheriff Hall had any input or involvement whatsoever in the level, need or degree of medical care made available to the plaintiff. Nor are there factual allegations in the amended complaint to suggest that this defendant had any involvement in the decision as to what medication would be prescribed for the plaintiff or when to transport him to another facility for additional medical care. Consequently, the plaintiff has failed to state a claim against Sheriff Hall for § 1983 relief.

The plaintiff also alleges that Sheriff Hall is liable pursuant to the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. The state legislature's purpose in codifying the Tennessee Human Rights Act was to prohibit discrimination in a manner consistent with federal law. Parker v. Warren County Utility District, 2 S.W.3d 170, 176 (Tenn. 1999). Clearly, then, an allegation of some type of discrimination is needed to maintain a claim under the Tennessee Human Rights Act. The amended complaint contains no allegation of discriminatory conduct on the part of Sheriff Hall. Therefore, the plaintiff has failed to state a claim arising under the Tennessee Human Rights Act.

5

There are no factual allegations in the amended complaint sufficient to state a claim against Sheriff Hall under either 42 U.S.C. § 1983 or the Tennessee Human Rights Act. Accordingly, his motion to dismiss has merit and shall be granted.

An appropriate order will be entered.

                                    _____
                                    Aleta A. Trauger
                                    United States District Judge